DECISION AND JOURNAL ENTRY
This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
Defendant-appellant, Leonard Harper, Jr., appeals from the consecutive sentences imposed on him by the Summit County Court of Common Pleas. We reverse.
On July 31, 1997, a Summit County Grand Jury indicted Defendant on six counts of aggravated robbery, in violation of R.C. 2911.01(A)(1), a felony of the first degree. The charges spanned a period from March 16, 1997, to July 17, 1997. At the conclusion of a trial, a jury found Defendant guilty of five counts of aggravated robbery. On December 31, 1997, the trial court sentenced Defendant to three years of prison on each count, to be served consecutively.
Defendant timely appeals and raises a single assignment of error.
 ASSIGNMENT OF ERROR
The trial court erred in ordering the sentences to be served consecutively in the absence of any evidence in the record of any of the factors enumerated in R.C. 2929.14(E), and in the absence of any finding of such factors on the record.
Defendant propounds that the trial court erred by imposing consecutive sentences in the absence of findings required by R.C.2929.14(E). We agree.
R.C. 2929.14(E)(3) provides the following:
 If multiple prison terms are imposed on an offender for convictions of multiple offenses, the court may require the offender to serve the prison terms consecutively if the court finds that the consecutive service is necessary to protect the public from future crime or to punish the offender and that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public, and if the court also finds any of the following:
 (a) The offender committed the multiple offenses while the offender was awaiting trial or sentencing, was under a sanction imposed pursuant to section 2929.16, 2929.17, or 2929.18 of the Revised Code, or was under post-release control for a prior offense.
 (b) The harm caused by the multiple offenses was so great or unusual that no single prison term for any of the offenses committed as part of a single course of conduct adequately reflects the seriousness of the offender's conduct.
 (c) The offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender.
A trial court is not required to recite the "talismanic" language of the statute. See State v. Blondheim (May 27, 1998), Summit App. No. 18594, unreported, at 8-9. Nonetheless, a trial court's imposition of consecutive sentences must be supported by findings that refer to statutory sentencing factors. See State v. Adelman
(Dec. 9. 1998), Summit App. No. 18824, unreported, at 6; State v.Grundy (Dec. 9, 1998), Summit App. No. 19016, unreported, at 9-10;State v. Phillips (Sept. 16, 1998), Summit App. No. 18194, at 8-9.
In the case at bar, the trial court's judgment entry fails to provide any reason for imposing consecutive sentences. In addition, the trial court did not state any such reason during the sentencing hearing. We find that the trial court erred because it failed to make any findings with respect to imposing consecutive sentences.
Defendant's assignment of error is sustained. The judgment of the trial court is reversed, and the cause is remanded for proceedings consistent with this opinion.
Judgment reversed, and cause remanded.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the County of Summit, Court of Common Pleas, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E).
Costs taxed to appellee.
 Exceptions. _________________________________ LYNN C. SLABY, FOR THE COURT
CARR, J.
CACIOPPO, J., CONCUR
(Cacioppo, J., retired Judge of the Ninth District Court of Appeals, sitting by assignment pursuant to Section 6(C), Article IV, Constitution.)